Sanders, J.
Plaintiffs are trustees of a realty trust who have brought this action seeking declaratory relief against the Board of Appeals for the city of Woburn and its members. Specifically, plaintiffs seek a judicial determination that, because the Board of Appeals was late in rendering a decision on its application for a comprehensive permit to construct a housing complex in Woburn, the permit should be deemed to have been constructively granted. It relies on provisions of the G.L.c. 40B, commonly referred to as the Anti-Snob Zoning Act (the “Act”). After a hearing and careful review of the parties’ submissions, I conclude that the Motion must be Denied.
Undisputed Facts
The material facts are not in dispute. They are substantially set forth in Plaintiffs’ Statement filed pursuant to Superior Court Rule 9A(B)(5). The most pertinent ones can be summarized as follows.
Plaintiffs are Trustees of the Archstone-Smith Operating Trust, formerly known as Archstone Communities Trust (“Archstone-Smith”). Archstone-Smith is in the business of constructing multi-family housing, including low income housing. In June 2000, Archstone-Smith purchased property from Northeastern University located at 35 Cambridge Road in Woburn, Massachusetts (the “Property”). On September 28, 2000, it filed with the Board of Appeals of the City of Woburn (the “Board”) an application for a comprehensive permit pursuant to G.L.c. 40B, §§20-23 (the “Application”). Archstone-Smith proposed in that Application to build a housing complex on the Property which would consist of640 apartment units, including low-income housing.
Public hearings on the Application were held over the next nine months. On May 25, 2001, ArchstoneSmith filed an appeal with the Housing Appeals Committee of the Massachusetts Department of Housing and Community Development (“HAC”), pursuant to G.L.c. 40B, §22 and 760 C.M.R. §§30.00 and 31.00. It sought a determination by the HAC that its Application had been constructively denied because of the time which had elapsed without the Board making a final determination. Rather than make that determination, the HAC chose instead to enter an “Order of Remand” which provided, among other things, that the Board would terminate the public hearing on or before July 18, 2001 and “will render a written decision in conformity with G.L.c. 40B, §21 and 760 C.M.R. §30.06(8) on or before August 27, 2001.” HAC retained jurisdiction over the matter.
By agreement of the parties, the deadline for the termination of the public hearing was extended to July 26, 2001. On August 22, 2001, the Board at a public meeting voted on Archstone-Smith’s Application, approving it with a number of conditions attached. Among those conditions voted by the Board was that the number of units was reduced to 300, and that 25 percent of those units were to be affordable housing, rather than low income housing. It was announced at the meeting (which was attended by Archstone-Smith representatives) that the decision would be reduced to writing for approval at the Board’s next scheduled meeting on September 5, 2001. On September 5, the Board approved the written decision on the Application; this decision essentially set forth in writing what the Board had decided by a majority vote at its meeting on August 22, 2001. The Board filed this written decision with the town clerk on September 10, 2001.
Discussion
Plaintiffs contend that they are entitled to a declaration from this Court that their Application was constructively granted because of the delay by the Board in issuing a written decision. They assert two independent bases for their claim to this relief. First, the delay violated the HAC Order of Remand. The Board approved the written decision on the Application September 5, 2001, nine days after the August 27 deadline imposed by the HAC. Second, plaintiffs rely on G.L.c. 40B, §21, which requires that the Board *607 “render a decision, based on a majority vote of the Board” within 40 days of terminating the public hearing; that provision further states that a failure to do so will mean that “the application shall be deemed to have been allowed and the comprehensive permit or approval shall forthwith issue.” Interpreting the statute to require a decision in writing, the plaintiff contends that the statutory deadline was therefore September 3, 2001 and that, because the Board missed this deadline by two days, approving a written decision on September 5, the Application must be deemed to have been granted.
I am not persuaded by plaintiffs’ contention that they are entitled to have a permit constructively granted because the Board violated the terms of the Order of Remand. Although the Order does require a written decision by a specific date, it does not address the question of what sanction should be imposed if the Board did not comply with the deadline set. Rather, the Order stated that the HAC would retain jurisdiction over the matter. Because it is the HAC’s Order that has been violated, the appropriate sanction, if any is to be imposed, should be for HAC, not this Court, to determine.
Plaintiffs’ second contention involves a question of statutoiy interpretation: what did the legislature intend when it required the Board to “render a decision” within 40 days of the termination of the public hearing? Plaintiffs argue that this phrase should be read to require a written decision, which would then have the effect of triggering the sanction explicitly provided by the statute for a decision issued too late: the permit shall be deemed to have been granted. No Massachusetts appellate court has directly addressed this question.
In support of its interpretation of the Act, plaintiffs note the purposes behind it. The Act constitutes a legislative response to a concern that cities and towns within the Commonwealth were “utilizing the zoning power in an unjust manner” by seeking to exclude low and moderate income individuals. Board of Appeals of Hanover v. Housing Appeals Committee, 363 Mass. 339, 343 (1973). The Act was intended “to provide expeditious relief from exclusionary zoning by-laws and practices which might inhibit the construction” of affordable housing. Zoning Board of Appeals of Greenfield v. Housing Appeals Committee, 15 Mass.App.Ct. 553, 555 (1983). Pursuant to the Act, a qualified developer (as defined by G.L.c. 40B, §20), flies an application for a comprehensive permit, which is then the subject of a public hearing before the local board of appeals. If the board denies the application or imposes conditions on its approval (as was the case here), an appeal is available to the HAC which conducts a de novo review to determine whether the local board’s decision is “reasonable and consistent with local needs.” G.L.c. 40B, §23. The Act sets various deadlines for the completion of each step of this process.
This Court fails to see how interpreting the statute in the way that plaintiffs urge will further the purposes of the Act. Although the Board in the instant case did not put its reasons in writing until September 5, 2001, the fact remains that it did make a decision on the Application by August 27, 2001, within the 40-day deadline. That decision was made in public, with Archstone-Smith representatives present, and was sufficiently detailed to put the plaintiffs on notice as to what it was. The decision was reduced to writing shortly thereafter and was approved at the next scheduled meeting of the Board. The plaintiffs had the right to appeal to the HAC, as they promptly did. In short, this is not a case of total inaction, or one in which the delay until the issuance of the written decision was substantial or had any effect on plaintiffs’ ability to pursue an appeal. Although the Board may have taken some time to conduct the public hearings, there is no evidence before this Court that the 42-day delay between the termination of the hearing and the final written product was attributable to municipal foot dragging.
Indeed, to accept plaintiffs’ interpretation (so as to require a constructive grant of the permit as applied for) would defeat one purpose of the Act, which is to give the board of appeals a chance to address local needs by attaching conditions to any approval that it gives. The Board in the instant case did not outright deny the Application but conditioned its approval on certain conditions scaling down the proposed development significantly so as to make it more consistent with what the Board perceived to be the community’s needs. An administrative remedy is available to the plaintiffs if they can demonstrate that the conditions are “uneconomic,” unreasonable, or not consistent with local needs. G.L.c. 40B, §§20, 23. This Court declines to short-circuit that process by reading into a statute a word that triggers sanctions which the legislature may not have intended.
Conclusion
For all the foregoing reasons, Plaintiffs’ Motion for Summary Judgment is DENIED.